# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 25, 2011

No. 10-30622
Summary Calendar

Lyle W. Cayce
Clerk

JIMMIE VICKERS,

Plaintiff-Appellant

v.

WEEKS MARINE, INC.; ATLANTIC SOUNDING COMPANY, INC.,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CV-6230

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Jimmie Vickers appeals the district court's dismissal, for lack of standing, of his action under the Racketeer Influenced and Corrupt Organizations (RICO) Act. Affording his pro se brief the benefit of liberal construction, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), Vickers argues that he has standing to sue under RICO because the bodily injury he sustained ultimately caused economic damage to his corporation, Vickers Marine, Inc.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30622

A RICO plaintiff "must establish that he has standing to sue." *Price v. Pinnacle Brands*, 138 F.3d 602, 606 (5th Cir. 1998). As there is no recovery under RICO for personal injuries, a plaintiff does not have standing to sue under 18 U.S.C. § 1964(c) based on such injuries. *See id.* at 607 n.20. Here, any economic injury to Vickers's corporation was the result of Vickers's bodily injury. Thus, the district court did not err in dismissing his RICO action for lack of standing.

The judgment of the district court is AFFIRMED.